IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANCISCO JAVIER CARRANZA,

        Petitioner,                  No. CIV-S-08-2479 MCE KJM P

    vs.

JAMES WALKER,

        Respondents.            ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1 thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The state court has had an opportunity to rule on the merits when the petitioner has fairly presented the claim to that court. The fair presentation requirement is met where the petitioner has described the operative facts and legal theory on which his claim is based. Picard, 404 U.S. at 277 - 78. Generally, it is "not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." Anderson v. Harless, 459 U.S. 4, 6 (1982). Instead,

> [i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, "a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 116 S. Ct. 2074, 2081 (1996). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982). A mixed petition containing both exhausted and unexhausted claims must be dismissed.

After reviewing the record in this action, the court finds that petitioner has failed to exhaust state court remedies with respect to all of his claims. Accordingly, the petition is a mixed petition containing both exhausted and unexhausted claims. Good cause appearing,

/////

/////

petitioner will be granted thirty days to file an amended petition raising only exhausted claims or a motion to stay the petition already on file pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005).[2]

In accordance with the above, IT IS HEREBY ORDERED that petitioner is granted thirty days from the date of this order to file an amended petition raising only claims where state court remedies have been exhausted or a motion to stay the petition already on file. Failure to comply with this order will result in a recommendation that this action be dismissed without prejudice.

DATED: April 2, 2009.

_____
U.S. MAGISTRATE JUDGE

[1] carr2479.103(10.20.08)

---

[2] In Rhines v. Weber, the Supreme Court recognized the district court's authority to stay a mixed petition for writ of habeas corpus if the court finds good cause for petitioner's failure to exhaust earlier and merit to the claims petitioner is seeking to exhaust.

3